**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Bassem Ayad,<br><br>                         Plaintiff,<br>       -v-<br><br>PLS Check Cashers of New York, Inc.,<br><br>                         Defendant. | Civ. Action #:<br><br>**COMPLAINT**<br><br>**Date Filed:**<br><br>**Jury Trial Demanded** |

Plaintiff Bassem Ayad ("Plaintiff" or "Ayad"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of the Defendant PLS Check Cashers of New York, Inc. ("Defendant" or "PLS"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for each and all such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further alleges that pursuant to the New York Labor Law ("NYLL"), he is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for each and all such hours over forty in a week; (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

3. Plaintiff is entitled to recover his unpaid wages, and wage deductions, under Article 6 of the NYLL, including sections 191, 193, and compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law, maximum liquidated damages - including maximum liquidated damages on all wages paid later than

1

weekly, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Bassem Ayad ("Plaintiff" or "Ayad") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. Upon information and belief and at all times relevant herein, PLS Check Cashers of New York, Inc. ("Defendant" or "PLS"), was a for-profit corporation with places of business across New York State and New York City including at 146-15 Jamaica Avenue, Jamaica, NY 11435 where Plaintiff was employed by Defendant.

## STATEMENT OF FACTS

9. Upon information and belief, and at all relevant times herein, Defendant was in the business of providing cash checking and money handling services to customers.

10. At all times relevant herein, Defendant employed over 75 employees.

11. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendant from on or about July 13, 2018 to on or about February 4, 2020.

12. At all times relevant herein, Plaintiff was employed by Defendant as a manual worker within the meaning of NYLL including NYLL 191(1)(a)(i) - performing a variety of lifting, moving, packing and unpacking boxes/money throughout his workday while standing.

13. At all times relevant herein, Defendant paid Plaintiff on a bi-weekly basis in violation of NYLL including NYLL 191(1)(a)(i).

14. At all times relevant herein, Plaintiff was an hourly employee of Defendant and his last regular hourly rate was about $18 an hour.

15. At all times relevant herein, Plaintiff worked approximately 60-70 or more hours a week and likely more.

16. At all times relevant herein, Defendant had a practice of improperly reducing Plaintiff's recorded work hours by about two (2) to five (5) hours or more a week for which Plaintiff was not paid any wages.

17. In addition, and at all times relevant herein, Defendant had a policy and practice of deducting about thirty (30) minutes from Plaintiff's work time for "lunch" breaks each day. However, due to the demands and nature of the job he performed, Plaintiff did not receive a bona fide meal or lunch break within the meaning of the FLSA and NYLL. As a result, Plaintiff is owed overtime wages for at least 2.5 hours per week, for each week during his employment with Defendant for which he was not paid any wages.

18. In addition, and at all times relevant herein, Plaintiff was required to work about 10-15 overtime hours or more a week for Defendant beyond his regular schedule for which he was not paid any wages – Defendant's employees, including Plaintiff's supervisors, reached out to Plaintiff after regular hours on weekdays and on weekends to respond to a variety of work-related issues, and Plaintiff was also required to run errands for Defendants such as making deliveries/tips to other stores, visiting customers to collect money because of bounced checks etc.

19. At all times relevant herein, Plaintiff was required to use his own vehicle to perform certain tasks for Defendant but in violation of NYLL 193, Defendant never reimbursed Plaintiff for the approximately $20 a week he spent on fuel to perform such work for Defendant.

20. A more precise statement of the hours and wages may be made when Plaintiff obtains the wage, time and employment records Defendant was required to keep under the FLSA (29 USC 211 and 29 CFR 516) and NYLL (NYLL 195 and 12 NYCRR 142-2.6). Plaintiff incorporates herein, <u>accurate</u> records of his time, wages and employment that Defendant was required to keep pursuant to the FLSA and NYLL.

21. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours each week.

22. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1).

23. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff did not state the hours worked in each week, among other deficiencies.

24. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500, 000. Plaintiff references and incorporates herein, accurate copies of records of Defendant's business volume and revenues as well as business operations and commerce that Defendant was required to keep and maintain under the FLSA including under 29 CFR 516.

25. Upon information and belief and at all times relevant herein, Defendant conducted business with companies outside the State of New York – Defendant is part of a multi-state check cashing business.

26. Upon information and belief, and at all times relevant herein, Defendant and Plaintiff conducted business with insurance companies outside the State of New York.

27. At all times applicable herein and upon information and belief, Defendant utilized the goods, materials, and services through interstate commerce involving the purchase of equipment and supplies necessary for their business.

28. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

29. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

30. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the State of New York.

31. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

32. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters.

33. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

34. The circumstances of Plaintiff's termination and other conditions of Plaintiff's employment with Defendant are still under review and investigation, and Plaintiff may assert wrongful termination and other claims at a later time against Defendant.

35. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime)

36. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if set forth fully and at length herein.

37. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

38. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207, 206.

39. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

40. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff, overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

41. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. (Unpaid Overtime)

42. Plaintiff alleges on behalf of himself and incorporates by reference the allegations in paragraphs 1 through 38 above as if set forth fully and at length herein.

43. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning

6

of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

44. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff, overtime compensation at rates not less than 1.5 times his regular rate of pay and 1.5 times the applicable New York State minimum wage rate, for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

### Relief Demanded

45. Due to Defendant's NYLL overtime violations, Plaintiff is entitled to recover from Defendant, his unpaid overtime wages, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190, 191, 193, 195, and 198

46. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 45 above as if set forth fully and at length herein.

47. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

48. At all relevant times herein, Defendants violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff his wages, including his unpaid non-overtime and overtime wages, (FLSA and NYMWA), wage deductions, as required under NY Labor Law § 190 et seq.

49. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

50. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

## Relief Demanded

51. Due to Defendant's NYLL Article 6 violations, Plaintiff is entitled to recover from Defendant, his unpaid non-overtime wages, overtime wages, wage deductions, maximum liquidated damages – including maximum liquidated damages on all wages paid later than weekly, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

52. Declare Defendant (including its overtime wage payment policy and practice) to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law, and enjoin Defendant from engaging in such violations.

53. As to the **First Cause of Action**, award Plaintiff, his unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

54. As to the **Second Cause of Action**, award his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

55. As to the **Third Cause of Action**, award Plaintiff, his unpaid non-overtime wages, overtime wages, wage deductions, maximum liquidated damages – including maximum liquidated damages on all wages paid later than weekly, maximum recovery for violations of NYLL

195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

56. Award Plaintiff, where applicable, any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

57. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York
February 26, 2020**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan
Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-355-9668
Email: abdul@abdulhassan.com
*Counsel for Plaintiff*