Clerk's Office
Filed Date: 9/21/21

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
BASSEM AYAD,

            Plaintiff,

  -against-

PLS CHECK CASHER OF NEW YORK, INC.,

            Defendant.
-------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
20-CV-01039 (CBA) (CLP)

**AMON, United States District Judge:**

On February 26, 2020, Plaintiff Bassem Ayad commenced this action against defendant PLS Check Casher of New York, Inc. ("PLS"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"), § 650 et seq., seeking overtime and unpaid wages, liquidated damages, unlawful wage deductions, and attorney's fees. (D.E. # 1 ("Compl.") ¶¶ 1-2.[1])

By Notice of Motion dated October 15, 2020, PLS moved, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"), to compel arbitration and dismiss Ayad's Complaint because he had entered into an agreement with PLS that obligated him to arbitrate any disputes. On December 15, 2020, I referred the motion to Chief United States Magistrate Judge Cheryl L. Pollak for Report and Recommendation.

Magistrate Judge Pollak issued a Report and Recommendation, (D.E. # 27 (the "R & R")), recommending deferring a decision on PLS's motion to compel arbitration pending the outcome of a jury trial pursuant to 9 U.S.C. § 4 on the question of whether there was a valid agreement to arbitrate. On August 17, 2021, Ayad filed objections to Magistrate Judge Pollak's R & R, taking issue with (1) its delay of a decision on Ayad's evidentiary objection based on the best evidence

---

[1] All citations to the record use internal pagination, not ECF pagination.

rule; and (2) its finding that Defendant had established a prima facie showing that an agreement to arbitrate existed. PLS filed its brief in opposition on August 31, 2021.

Magistrate Judge Pollak's analysis was well-reasoned and thoughtful. For the following reasons, I adopt the R & R as modified.

## OBJECTIONS

Ayad argues that he was only given the purported arbitration agreement's signature page, not the agreement itself; that PLS had failed to present even a prima facie showing that there was an arbitration agreement; and that PLS's offer of a reproduction of the purportedly lost arbitration agreement pages as evidence of the arbitration agreement's content should be excluded under the best evidence rule. Magistrate Judge Pollak refrained from ruling on Ayad's best evidence argument. Noting that there were "serious questions as to whether PLS's production of documents satisfies the best evidence rule," Magistrate Judge Pollak found that "the parties' dispute over the application of the best evidence rule is best weighed by the jury at an evidentiary trial." (R & R at 11 n.8.) Magistrate Judge Pollak left it for the jury to decide "whether PLS adequately explained the loss of the original document, whether such a document ever existed and whether PLS's apparent policy of document disposal constitutes bad faith." (Id.) Magistrate Judge Pollak also found that PLS had made a prima facie showing of an arbitration agreement: Although "PLS only submitted a scanned copy of the signature page of the purported agreement, PLS also provided the Court with what it alleges are standard duplicate copies of the terms of the arbitration agreement." (Id. at 13.) Those submissions "narrowly managed to satisfy [PLS's] prima facie showing." (Id.) After finding Ayad had raised issues of material fact as to whether he received the pages in the allegedly standard arbitration agreement, the R & R recommended a jury trial pursuant to 9 U.S.C. § 4 on the question of whether there was a valid agreement to arbitrate. (Id. at 17.)

2

Ayad objected to the R & R on August 17, 2021. (D.E. # 29 ( "Objections").) Ayad's objections were limited to Magistrate Judge Pollak's decision to delay a decision on his evidentiary objection based on Federal Rule of Evidence 1002 and her finding that PLS had established a prima facie case. PLS filed its brief in opposition on August 31, 2021. (D.E. # 30 ( "Response").) Ayad filed a reply brief on September 7, 2021. (D.E. # 31 ("Reply").)

## DISCUSSION

When deciding whether to adopt an R & R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the R & R to which no timely objection has been made, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" Augustin v. Cap. One, No. 14-CV-179 (CBA)(VMS), 2015 WL 5664510, at *1 (E.D.N.Y. Sept. 24, 2015) (quoting Jarvis v. N. Am. Globex Fund. L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011)). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "However, to the extent that a party makes only conclusory or general objections, or simply reiterates the original arguments, the court reviews the [R & R] only for clear error." Augustin, 2015 WL 5664510, at *1 (quoting Soley v. Wasserman, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011)).

### I. Best Evidence Rule

The best evidence rule, codified in Federal Rule of Evidence 1002, provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." The parties dispute whether the rule should apply to exclude the five pages PLS alleges constitute its standard arbitration agreement. The majority of Ayad's

briefing makes the case that the pages should be excluded, a position Ayad admits is "not . . . inconsistent with the R&R" given Magistrate Judge Pollak's decision not to resolve the evidentiary issue. (Objections at 2.) He spends less time explaining why Magistrate Judge Pollak was wrong to refrain from resolving the issue; the sum of that argument is that PLS's opposition to his best evidence objection was insufficient at this stage, and so it would be unfair to allow it to "try to cure the fatal inadequacies" of its argument at trial. (Reply at 5.[2]) For its part, PLS argues that Federal Rule of Evidence 1008 leaves certain best evidence determinations for the jury, and so Magistrate Judge Pollak's restraint was appropriate. (See Response at 3, 5-7.)

I must resolve a series of questions under Rules 1001 through 1004 in order to determine whether the pages are admissible under the best evidence rule. That resolution would benefit from factual development. "[Q]uestions of foundation . . . may [best] be resolved in proper context," so "evidentiary rulings should be deferred until trial" unless "evidence is clearly inadmissible on all potential grounds." Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 554 (E.D.N.Y. 2011) (quoting Viada v. Osaka Health Spa, Inc., No. 04 Civ. 2744 VMKNF, 2005 WL 3435111, at *1 (S.D.N.Y. Dec. 12, 2005)); see also Daum v. Delvin, 15-CV-1083, 2021 WL 1146112, at * 1 (N.D.N.Y. Mar. 25, 2021) ("[T]he trial judge may reserve judgment on a motion in limine until trial to ensure the motion is considered in the proper factual context." (quoting Walker v. Shult, 365 F. Supp. 3d 266, 275 (N.D.N.Y. 2019)).

Accordingly, I adopt the R & R's recommendation as to the best evidence rule, with one clarification: Two of the questions the R & R recommends leaving to the jury, "whether PLS

---

[2] Notably, this explanation is offered for the first time on reply—Ayad's explanation in his opening brief is de minimis. (See Objections at 2 ("[A] denial of the motion to compel based on the best evidence rule is warranted as a matter of law at this stage . . . .").) Although I am not required to consider arguments made for the first time in reply, see Fisher v. Kanas, 487 F. Supp. 2d 270, 278 (E.D.N.Y. 2007), I discuss Ayad's argument here where doing so does not prejudice Defendant.

adequately explained the loss of the original document . . . and whether PLS'[s] apparent policy of document disposal constitutes bad faith," (R & R at 11 n.8), are relevant to Rule 1004, and so are for this court, not a jury, to decide. Federal Rule of Evidence 1008 lays out the "[f]unctions of the Court and [j]ury" when it comes to "admitting other evidence of the content of a writing, recording, or photograph." It reserves for the court the determination of factual predicates under Rule 1004. Fed. R. Evid. 1008. On the other hand, the jury is tasked with determining whether "(a) an asserted [original] ever existed; (b) another one produced at the trial or hearing is the original; or (c) other evidence of content accurately reflects the content." Id. As such, I adopt the R & R as modified to clarify that Rule 1008 will govern which questions the jury and I will consider at trial.

In summary, I defer resolution of the best evidence objection until trial. At trial, I will consider any best evidence objection "in the proper factual context." Daum, 2021 WL 1146112, at * 1 (quoting Walker, 365 F. Supp. 3d at 275). If I determine that the factual predicates for admission of the five pages are lacking, then Ayad may renew his argument that, without the five pages, PLS fails to make its prima facie case.[3] In that case, the motion to compel arbitration would be denied as a matter of law without need for a jury determination.

## II. Prima Facie Showing

Assuming the admission of the five pages of the arbitration agreement, Magistrate Judge Pollak found that PLS met its burden of making a prima facie showing that there was an arbitration

---

[3] PLS's prima facie showing relies on admission of the content of the terms of the arbitration agreement, offered by PLS only in the five pages. See Dreyfuss v. Etelecare Glob. Sols.-U.S. Inc., 349 F. App'x 551, 555 (2d Cir. 2009) (summary order) (affirming the district court's decision to reject a motion to compel arbitration where movant provided only first and signature pages but not the actual arbitration clause because "under New York law a party seeking to enforce a contract must prove not only the existence of the contract, but also its terms"); Mayfield v. Asta Funding, Inc., 95 F. Supp. 3d 685, 695 (S.D.N.Y. 2015) ("Even if Defendants had demonstrated that Plaintiffs' alleged agreements to arbitrate existed, such agreements would be unenforceable because Defendants have failed to prove their terms.").

agreement. She found that where a party submits a signed page of a purported agreement alongside a standard arbitration agreement, that party has made a sufficient prima facie showing of the arbitration agreement's existence. (R & R at 13.) Ayad does not object to the R & R's legal reasoning—that PLS offering a copy of the signature page along with a standard arbitration document that it gave to all trainees would be sufficient to show a prima facie case. Seeing no clear error, I adopt that legal framework.

Ayad does offer three arguments as to how PLS failed to meet the legal framework laid out in the R & R. While all three objections may develop into effective strategies for cross-examination at trial, they do not fatally undermine PLS's prima facie showing. First, Ayad argues that the testimony PLS presented was insufficient to support the claim that the five pages of the arbitration agreement were the pages presented at Ayad's training. (Objections at 6-7.) Ayad claims that PLS employee Derwin Valerio's statement that "[t]he 'New Hire Kit' is available on the Company's intranet, iConnect, in a single PDF, so that when I was required to perform orientation for new hires, I could just print out the PDF," was "general in nature as opposed to being specific to the Plaintiff and what specifically occurred at Plaintiff's orientation." (Id. at 6 (quoting D.E. # 19-2 ("First Valerio Decl.") ¶ 15).) In other words, "the testimony does not actually state that 'the terms of the arbitration agreement are identical to those used at each new hire orientation.'" (Id.) But the testimony Ayad quoted directly follows Valerio's testimony that "[e]ach employee at orientation, including Plaintiff, was given a 'New Hire Kit' at the beginning of the orientation," which included the arbitration agreement. (First Valerio Decl. ¶14.) At trial, Ayad's counsel can question Valerio on whether he truly gave Ayad the arbitration agreement, but Valerio's declaration is enough to set out a prima facie showing.

Ayad's second objection—that the standard agreement could have changed since Ayad's training and so might not be the same text as the one he was allegedly given, (Objections at 7)—is entirely speculative and does not undermine the prima facie showing. Ayad provides no evidence that the arbitration agreement did change, and Valerio's declaration identifies the five pages provided as "the Arbitration Agreement given to Plaintiff at orientation." (First Valerio Decl. ¶ 20.) At trial, Ayad can cross-examine Valerio on whether the document ever changed.

So too, Ayad's third objection—that since Valerio's initial declaration stated the wrong date of Ayad's training, his entire testimony is so suspect as to undermine PLS's prima facie case, (see Objections at 7-8)—goes to Valerio's credibility. Magistrate Judge Pollak correctly determined that "a reasonable jury asked to weigh the credibility of Ayad and Valerio might find that this 'error' casts doubt on the accuracy of Valerio's testimony." (R & R at 14.) But should the jury find it credible, then Valerio's statement in his supplemental declaration that the orientation "was held on July 16, 2018" and his earlier mention of "June 18, 2018" was "typographical error," (D.E. # 24 ¶ 8), is enough to make a prima facie showing.

In summary, Ayad's objections are not enough to undermine PLS's prima facie showing that an arbitration agreement existed. As such, I adopt Magistrate Judge Pollak's findings as to PLS's prima facie showing.

### III. Other Findings

The parties do not object to the R & R's other findings, including the finding that Ayad has raised a material question of fact as to whether he was presented with the full arbitration agreement. Seeing no clear error in Magistrate Judge Pollak's well-reasoned opinion, I adopt these other

findings. I will defer a decision on PLS's motion to compel arbitration pending a jury trial pursuant to 9 U.S.C. § 4.

## CONCLUSION

For these reasons, the Court adopts the R & R as modified.

SO ORDERED.

Dated: September 21, 2021
      Brooklyn, New York

                                              s/Carol Bagley Amon
                                              Carol Bagley Amon
                                              United States District Judge