```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

BASSEM AYAD,

                              Plaintiff,

           -against-                                              Civ. No.:  20-cv-01039

PLS CHECK CASHERS OF NEW YORK,
INC.,

                              Defendant.

-------------------------------------------------------------X
```

## SETTLEMENT AGREEMENT AND RELEASE

    WHEREAS, Plaintiff BASSEM AYAD ("Ayad" or "Plaintiff") and PLS CHECK CASHERS OF NEW YORK, INC. ("PLS" or "Defendant") (Plaintiff and Defendant collectively, the "Parties") desire to resolve, settle and agree to dismiss the above-captioned action (the "Lawsuit"), without further litigation and adjudication;

    WHEREAS, Plaintiff and Defendant have chosen to enter into this Settlement Agreement and Release to avoid further proceedings;

    WHEREAS, the Parties understand and agree that Defendant denies each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings in the Lawsuit, and in any other document or statement whatsoever;

    WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein, shall be construed or considered in any way to be an admission by Defendant or any other person or entity of guilt or noncompliance with federal, state, or local statute, order, regulation or ordinance, public policy, tort (whether intentional, negligent or otherwise), contract (whether oral or written, express or implied), common law, Defendant's policies, practices or procedures or of any other wrongdoing whatsoever, whether with regard to Plaintiff or anyone else; and,

    WHEREAS, the parities understand and agree that the Lawsuit shall be dismissed in its entirety with prejudice as against Defendant by the Court subject to the terms of the Parties' stipulation;

    NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES that:

1. **Definitions.**

   (a) "Releasors" shall be defined to include, but is not limited to, Plaintiff, and all presently or formerly affiliated persons or entities, including, but not limited to, his dependents, heirs, assigns, successors, creditors, debtors, lienholders or others who might assert any claim because of conduct toward or including Releasors themselves; and,

   (b) "Released Parties" shall be defined to include, but is not limited to, Defendant, parent corporations and subsidiaries, all presently or formerly affiliated persons or entities, and any successors, assigns, counsel, insurers, representatives, the employees and representatives of any such entity, and any otherwise related persons and entities.

2. **No Consideration Absent Execution of this Agreement and Dismissal of Lawsuit.**

   a. Plaintiff understands and agrees that Plaintiff would not receive the monies and/or benefits specified in Paragraph "4" below, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

   b. Plaintiff authorizes his counsel to execute the Stipulation and Order of Dismissal with Prejudice, attached as **Exhibit A**, and to submit any papers to the Court that are necessary to effectuate the dismissal of the Lawsuit and/or the full release of claims, and enforcement of the Agreement.

   c. In the event that the Court for any reason declines or fails to dismiss the Lawsuit with prejudice as contemplated by this Agreement, this Agreement shall be voidable. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement; the Parties shall proceed in all respects as though the Agreement had not been executed; nothing contained in this Agreement shall be used as an admission against either Party; and no Party to this Agreement shall be deemed to have waived or relinquished any rights, privileges, claims, or defenses by having entered into this Agreement. Notwithstanding the foregoing, the Parties may agree in a separate writing to modify or alter this Agreement in order to obtain Court approval and dismissal of the Lawsuit with prejudice.

3. **Release of Claims.**

   Releasors knowingly and voluntarily release and forever discharge Released Parties of and from an causes of action, lawsuits, promises, obligations, charges, complaints, appeals and demands whatsoever, in law or equity, relating to any violation of federal or state wage and hour laws, including, but not limited to any implementing regulations, arising out of Plaintiff's employment with Released Parties, including those asserted in the Lawsuit, which he may have against Released Parties as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including attorneys' fees, based upon any conduct occurring up to and including the date of Plaintiff's execution of this Agreement.

Doc ID: 1f703e97fdb9dfc3bee767c19fbfd258a98cb384

**3a.** **Claims Not Released**. Plaintiff is not waiving any rights he may have to: (i) his own vested accrued benefits under the PLS' welfare or retirement benefit plans; (ii) the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (iii) pursue claims which by law cannot be waived by signing this Agreement; (iv) enforce this Agreement; and/or (v) challenge the validity of this Agreement.

**4.** **Consideration.**

(a) In exchange for the promises made herein by Plaintiff, including the release of claims as set forth herein, Defendant will pay the total sum of Twenty Six Thousand Dollars ($26,000) (the "Settlement Amount"), which shall be apportioned to Plaintiff and Plaintiff's counsel as set forth below. Such Settlement Amount is in consideration for and in full satisfaction of all claims set forth in paragraph "3" hereof. Payment of the Settlement Amount shall be made after Plaintiff and his counsel provide an IRS Form W-9, as follows:

(i) A check made payable to "Bassem Ayad" in the amount of Eight Thousand Four Hundred, Eighty Four Dollars and Zero Cents ($8,484), less *Bassem Ayad* applicable taxes and withholdings, to be reported on an IRS Form W-2, due within thirty (30), days of court approval of this settlement agreement;

(ii) A check made payable to "Bassem Ayad" in the amount of Eight Thousand Four Hundred, Eighty Five Dollars and Zero Cents ($8,485), *Bassem Ayad* representing liquidated and other damages, to be reported on an IRS Form 1099-MISC (Box 3), due within thirty (30), days of court approval of this settlement agreement;

(iii) A check made payable to "Abdul Hassan Law Group, PLLC," in the amount of Nine Thousand Thirty-One Dollars and Zero Cents ($9,031), *Bassem Ayad* representing a 1/3 contingency fee ($8,484) plus costs ($547), to be reported on an IRS Form 1099-MISC (Box 10), due within thirty (30) days of court approval of this settlement agreement;

(b) The Settlement Amount shall be paid within thirty (30) calendar days following the Court's Order approving the settlement and expiration of the Revocation Period set forth herein.

Doc ID: 1f703e97fdb9dfc3bee767c19fbfd258a98cb384

(c) The payments shall be sent to Plaintiff's counsel who shall be responsible for distribution of the payment to Plaintiff.

**5.     Acknowledgments and Affirmations.**

(a) Plaintiff affirms that he has not filed, caused to be filed, or presently is a party to any claim against Defendant, except the within Lawsuit; that this Agreement represents a settlement of a bona fide dispute regarding wages owed and hours worked; and that the Parties shall promptly seek Court approval of this Agreement on the basis that the Agreement is fair and reasonable pursuant to the above mentioned motion for approval.

(b) Plaintiff further affirms that he has not been retaliated against for reporting any allegations of wrongdoing by Defendant or their officers, including any allegations of corporate fraud. Both Defendants and Plaintiff acknowledge that this Agreement does not limit any Party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

**6.     Execution.**  The terms of this Agreement are the product of mutual negotiation and compromise between the Parties. Plaintiff is represented by counsel of his choosing and certifies that he is satisfied with the advice and services of their counsel. The meaning, effect and terms of this settlement have been fully explained to Plaintiff by his counsel. Plaintiff hereby affirms that he fully understands that this Agreement settles, bars and waives any and all FLSA wage payment and/or wage/hour claims that he could possibly have against Released Parties.

**7.     Non-Admission of Wrongdoing.**  The Parties agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed, at any time or for any purpose, as an admission by Released Parties of any liability or unlawful conduct of any kind. The Parties further agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed, at any time or for any purpose, to be evidence in any future proceedings other than to enforce the terms of this Agreement.

**8.     Severability and Modification.**  If any provision of this Agreement or the attachments hereto is declared illegal or unenforceable by any court, administrative agency or other entity, and if such provision is not susceptible to interpretation or modification to be enforceable (which the Parties authorize and direct any court, administrative agency or other entity to do), such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the limited release contained herein is not approved by the Court, the Agreement shall be null and void.

**9.     Section Headings.**  Section headings are used herein for convenience of reference only and do not affect the meaning of any provision of this Agreement.

**10.    Entire Agreement.**  This Agreement, which incorporates as covenants the representations and clauses in the introductory "WHEREAS" clauses and includes the terms of the

Doc ID: 1f703e97fdb9dfc3bee767c19fbfd258a98cb384

Stipulation and Order of Dismissal with Prejudice attached hereto as Exhibit "A," which is expressly incorporated herein, sets forth the entire agreement between the Parties hereto relating to the subject matter covered by this Agreement, and fully supersedes any prior agreements or understandings between the Parties.  This Agreement shall be interpreted under New York law, without regard to its conflict or choice of law provisions.  No other promises or agreements shall be binding or shall modify this Agreement.  This Agreement can be modified only by a written document, signed by the Parties or their legally designated representative, which recites the specific intent to modify this Agreement, or as set forth in paragraph "9" hereof.

**11. Tax Liability.**  Plaintiff shall be required to ensure that all taxes relating to any amounts paid hereunder properly are paid, except for the employer's share of FICA taxes as set forth in Sections 4(a)(ii) and 4(a)(iii) of this Agreement.  In the event that taxes, interest or penalties are held to be due and owing as a result of the foregoing payments, the taxes, interest or penalties shall be the sole obligation and liability of Plaintiff, who agree to indemnify and hold Defendant harmless for any taxes owed by Plaintiff which Defendant paid, plus., interest or penalties incurred by Defendant relating to the payments, except the amount cannot exceed the amounts paid to Plaintiff as set forth in this Agreement

**12. Capability to Waive Claims.**  Plaintiff expressly represents that Plaintiff is able to effect a knowing and voluntary waiver and general release of claims, as contained herein, and to enter into this Agreement and are not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired.  Plaintiff is competent to execute this Agreement and to waive all wage payment and/or wage/hour claims they have or may have against Released Parties.  Plaintiff certifies that he is not party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair his right to settle his claims in this case and to waive all FLSA wage/hour claims they may have against Released Parties.

**13. Counterparts.**  This Agreement may be signed in counterparts. A fax or scan signature may serve as an original Agreement.   This Agreement will not be effective until signed by Defendant.

**14. Revocation**.  Plaintiff may revoke this Agreement for a period of seven (7) calendar days following the day he executes this Agreement ("Revocation Period").  Any revocation within this period must be submitted, in writing, to Jeffrey W. Brecher, Esq. (as Employer's designee) and state, "I hereby revoke my acceptance of our Agreement and General Release."  The revocation must personally be delivered to Jeffrey W. Brecher, Esq. or his designee, or mailed to Jeffrey W. Brecher, Esq., 58 South Service Road, Suite 250, Melville NY 11747, and postmarked within seven (7) calendar days of Plaintiff's execution of this Agreement.  If the last day of the revocation period is a Saturday, Sunday, or legal holiday in New York, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday, or legal holiday.

**PLAINTIFF AFFIRMS HE HAS TWENTY-ONE (21) CALENDAR DAYS TO REVIEW THIS AGREEMENT AND IS HEREBY ADVISED IN THIS WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING IT.**

**PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE,**

Doc ID: 1f703e97fdb9dfc3bee767c19fbfd258a98cb384

**MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION IN PARAGRAPH "4," PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASED PARTIES, AS SET FORTH HEREIN.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: 11/15/2021, 2021         By: *Bassem Ayad*

                                     BASSEM AYAD

Dated: 11/16, 2021              By: *David Pencille*

                                     PLS CHECK CASHERS OF NEW YORK, INC.

Doc ID: 1f703e97fdb9dfc3bee767c19fbfd258a98cb384

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BASSEM AYAD,

                        Plaintiff,

    -against-

PLS CHECK CASHERS OF NEW YORK, INC.,

                       Defendant.

------------------------------------------------------------X

Civ. No.: 20-cv-01039

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED by and among Plaintiff and Defendant, through their respective undersigned counsel, that the above-captioned action be dismissed in its entirety, with prejudice, and with no award of attorneys' fees, costs or disbursements by the Court to any party except as set forth in the Settlement Agreement approved by the Court.

| Abdul Hassan Law Group, PLLC | JACKSON LEWIS P.C. |
|---|---|
| By: _____ <br> Mr. Abdul K. Hassan, Esq. (AH6510) <br> 215-28 Hillside Avenue <br> Queens Village, NY 11427 <br> Tel: 718-740-1000 <br> Fax: 718-740-2000 <br> Email: abdul@abdulhassan.com <br><br> *Attorneys for Plaintiff* | By: _____ <br> Jeffrey W. Brecher <br> 58 South Service Rd., Suite 250 <br> Melville, New York 11747 <br> (631) 247-0404 <br><br> *Attorney for Defendant* |

        SO ORDERED on this ___ day of _____, 2021

                              _____
                                  U. S. D. J.